UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES AUSTERMILLER, | ) | CASE NO. 3:10CV1697 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | REPORT AND |
| Commissioner of Social Security, | ) | RECOMMENDATION OF |
| | ) | MAGISTRATE JUDGE |
| Defendant. | ) | |

This matter is now before the Court upon a motion to remand filed by Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant") and a "Requust[sic] for Judgement and to Deny Defendant's Motion" filed by Plaintiff James Austermiller ("Plaintiff").  ECF Docket #s 11, 12.  For the following reasons, the undersigned recommends that the Court GRANT Defendant's motion (ECF Dkt. #11) and DENY Plaintiff's request. (ECF Dkt. #12).

On August 3, 2010, Plaintiff filed a complaint in this Court seeking judicial review of the final decision of the Social Security Administration ("SSA") affirming a March 12, 2008 determination that he had been overpaid $1,345.00 due to a reduction in monthly benefits amount based on a pension.  ECF Dkt. #1; ECF Dkt. #10 at 5.  Plaintiff asserts in his brief on this matter that Defendant made numerous errors and miscalculations and actually owes him $927.70 plus compensation of $2,353.50.  ECF Dkt. #10 at 1.

After Plaintiff filed his brief on this matter, Defendant filed the instant motion to remand the case to the SSA pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  ECF Dkt. #11.  Defendant asserts that good cause exists for the remand because the recording of the hearing in this case cannot be located.  *Id*. at 2.  Plaintiff filed opposition to the motion, asserting that Defendant has had too many opportunities to "get it right" in his case, but has failed to do so.  ECF Dkt. #12.  As support, he cites the lost hearing transcript mentioned by Defendant, and the fact that the ALJ rendered his decision without a complete file on the day of the hearing.  *Id.* at 1-2.  He also indicates that the calculations that he has

made are based solely upon documentation and information provided by Defendant and thus no need exists to remand this case. *Id.* Defendant has filed a reply indicating that the Court cannot undertake a meaningful review of this case without a complete transcript because the Court would be unable to determine if substantial evidence supports the Commissioner's decision . ECF Dkt. #13.

The undersigned recommends that the Court GRANT Defendant's motion. ECF Dkt. #11. In relevant part, the sixth sentence of 42 U.S.C. § 405(g) provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner...

In discussing the definition of "good cause" necessary to remand, the joint conference committee of Congress that reported upon the 1980 Social Security Disability Amendments to the Social Security Act stated that:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record...

H.R. Rep. No. 96-944, 96th Cong. 2d Sess. 59 (1980), *reprinted in* 1980 U.S.C.C.A.N. 1277, 1392, 1407.

In the instant matter, the Office of Disability Adjudication and Review has informed Defendant that a certified administrative record cannot be prepared because the recording of the May 19, 2009 hearing cannot be located. ECF Dkt. #11. In turn, Defendant moves this Court to remand the instant matter so that the Commissioner can attempt to locate the recording within a reasonable amount of time. *Id.* Defendant indicates that if he is unable to locate the missing recording within a reasonable time, the Appeals Council will remand the case to an administrative law judge ("ALJ") for a de novo hearing. *Id.*

Plaintiff first asserts that Defendant's response is untimely because it is outside of the time limit set by the Court. ECF Dkt. #12 at 1. The Court should find no merit to this

assertion. The only Order set in this case is the undersigned's August 4, 2010 scheduling order. ECF Dkt. #5. That Initial Order required Defendant to file a transcript of the administrative proceedings and to file an answer within ninety days of the date of the Order. *Id*. On October 28, 2010, within the ninety-day timeframe, Defendant filed his motion to remand this case, explaining that the recording of the oral hearing upon which the required transcript would be based was missing. ECF Dkt. #11. Accordingly, the Court should find no merit to Plaintiff's untimeliness assertion.

Plaintiff further asserts that the lost recording has no bearing on the case. ECF Dkt. #12 at 2. However, he also states that the ALJ erred in his calculation and rendered a decision based upon an incomplete file. *Id*. The transcript of the oral hearing before the ALJ would certainly shed light on both of Plaintiff's assertions.

Further, the relevant legislative history clearly indicates that the loss of a recording of an oral hearing serves as "good cause" for remand. Without the transcript of the oral hearing, the Court cannot conduct a meaningful review of the ALJ's decision and determine whether substantial evidence exists to support that determination.

For these reasons, the undersigned recommends that the Court GRANT Defendant's motion to remand (ECF Dkt. #11) and DENY Plaintiff's request for judgment and denial of Defendant's motion (ECF Dkt. #12). The undersigned further recommends that the Court impose a time limit of 60 days in which Defendant must either locate the missing recording or have the Appeals Council remand the case to an ALJ for a de novo hearing.

s/George J. Limbert   12/1/2010
GEORGE J. LIMBERT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).