UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES AUSTERMILLER, | ) | CASE NO. 3:10CV1697 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **INTERIM REPORT &** |
| Commissioner of Social Security, | ) | **RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Defendant. | ) | |

This matter is before the undersigned on Plaintiff James Austermiller's ("Plaintiff") "Requust[sic] for Judgment and to Deny Defendents[sic] motion." ECF Dkt. #22. Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant") has filed a response to the motion. ECF Dkt. #23. For the following reasons, the undersigned recommends that the Court DENY Plaintiff's motion. ECF Dkt. #22.

**I.   ADMINISTRATIVE PROCEDURAL HISTORY**

A series of Social Security Administration ("SSA") decisions charged Plaintiff with an overpayment of Old-Age Insurance Benefits ("OAIB"), and he responded to those decisions with opposition, making his own calculations based upon the letters and notices that he had received from the SSA regarding payments made to him, revisions to his benefits, and calculations of overpayments. Tr. at 29-94.

On March 12, 2008, the SSA notified Plaintiff that it had overpaid him $ 1,345.00 in OAIB. Tr. at 19. Plaintiff requested reconsideration of this determination and the SSA reconsidered his request and denied it, issuing a Reconsideration Determination finding that the original decision

of March 12, 2008 that he had been overpaid[1] was correct and in accordance with the law and regulations. *Id*. at 23-27.

Plaintiff requested a hearing before an ALJ, and the hearing was held on May 19, 2009. Tr. at 28-29, 38-41, 101. Plaintiff waived his right to representation by an attorney or other qualified person during the proceedings and testimony was taken. *Id*. at 103-126.

On June 29, 2009, the ALJ issued a decision finding that SSA underpaid Plaintiff in the amount of $ 898.80 and he should be paid the underpayment expeditiously. Tr. at 16. On the same date as the decision, Plaintiff filed a request for review of the ALJ's decision. *Id*. at 10.

On January 29, 2010, the Appeals Council granted Plaintiff's request for review, reviewing the statements and payment worksheets of SSA with regard to Plaintiff's OAIB, Plaintiff's own letters and reconciliation worksheets, and the ALJ's decision. Tr. at 6-8. The Appeals Council vacated the ALJ's decision finding an underpayment of $ 898.80 and found that Plaintiff was underpaid $ 810.90. *Id.* at 8. The Appeals Council also denied Plaintiff's request for $ 200.00 in compensation for "correcting errors" that the SSA allegedly made.

## II.    FEDERAL COURT PROCEDURAL HISTORY

On August 3, 2010, Plaintiff filed the instant action seeking review of the Appeals Council decision, which operates as Defendant's final decision in this case. *See* 20 C.F.R. § 404.981. Accordingly, Plaintiff is appealing the Appeals Council's determination that Defendant underpaid

---

[1] Plaintiff correctly points out that the Reconsideration Determination of July 12, 2008 contained contrary statements concerning whether he was overpaid or whether he had overpaid. Tr. at 29. On the first page of the Reconsideration Determination, the SSA stated the issue to be determined as whether the SSA's "initial determination of March 12, 2008, that James R. Austermiller **overpaid** $1345.00, correct and proper and in accordance with the Social Security Law?" *Id*. at 25. The Determination part of the decision states that "[t]his affirms the determination of March 12, 2008, that James R. Austermiller **has been overpaid** $1345.00 due to a reduction in monthly benefits amount based on a pension." *Id*. at 26.

him $ 810.90 and thus owes him this amount.

On August 4, 2010, the undersigned issued an Initial Order setting dates for filing briefs and requiring Defendant to file the transcript of the administrative proceeding. ECF Dkt. #5. On August 23, 2010, Plaintiff filed a brief, contending that Defendant owes him $1,021.00 plus additional compensation for adjudicating the case. ECF Dkt. #6. On September 2, 2010, Plaintiff filed a revised brief, contending that Defendant owed him $ 927.70 plus costs incurred of $2,353.50 in adjudicating his case. ECF Dkt. #10.

On October 28, 2010, Defendant filed a motion to remand the case to the SSA, explaining that he was unable to locate the recording of the ALJ hearing held on May 19, 2009. ECF Dkt. #11. Defendant stated that upon remand, the Office of Disability Adjudication and Review would continue to look for the missing recording, but if it could not be found within a reasonable period of time, the Appeals Council would remand the case to an ALJ for a de novo hearing. *Id*. at 2.

On November 9, 2010, Plaintiff filed a "Requust[sic] for Judgement and to Deny Defendents[sic] Motion." ECF Dkt. #12. Plaintiff contended that Defendant's response was untimely, Defendant was attempting to deny Plaintiff the recovery of full costs, and he asserted that allowing a remand to the SSA essentially allowed Defendant to "'get it right', a fifth chance at the pie." *Id.* at 1. Plaintiff contended that sufficient information by way of documentation existed in order for a decision to be made and thus Defendant had failed to show good cause for a remand. *Id*. at 2.

On January 7, 2011, Judge Carr adopted the undersigned's Report and Recommendation and granted Defendant's motion to remand and denied Plaintiff's request for judgment. ECF Dkt. #15. Judge Carr granted Defendant leave for sixty days in which to either locate the missing

recording or have the Appeals Council remand the case to the ALJ for a de novo hearing. *Id*.

On January 14, 2011, Defendant filed a motion to reopen the case, informing the Court that the Appeals Council had located the missing hearing tape and transcribed the hearing so as to include it in the Certified Administrative Record. ECF Dkt. #17. Judge Carr marginally granted Defendant's motion to reopen the case. ECF Dkt. #18.

On May 17, 2011, Defendant filed his answer to the complaint and filed the transcript of proceedings. ECF Dkt. #s 20, 21.

On July 26, 2011, Plaintiff filed the instant "Requust[sic] for Judgement and to Deny Defendents[sic] Motion." ECF Dkt. #22. Plaintiff indicated in this document that he "agrees to the payment of $927.70, the amount owed in benefits by SSA." Id. at 1. He also requested, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA), $2,438.00 in costs associated with his federal filings. *Id*. He attached an itemization of his costs.

On August 9, 2011, Defendant filed a response to Plaintiff's July 26, 2011 filing, requesting that the Court deny Plaintiff costs associated with his filings under the EAJA as he is not a prevailing party in this case as no final judgment on the merits has been entered by the Court. ECF Dkt. #23.

**III. LAW AND ANALYSIS**

    **A. PLAINTIFF'S REQUEST FOR JUDGMENT**

In the first part of his filing, Plaintiff merely states that he "agrees to the payment of $927.70, the amount owed in benefits by SSA." ECF Dkt. #22 at 1. Plaintiff provides no further information regarding this payment or its amount and offers no supporting documentation.

Defendant notes in his response to Plaintiff's filing that Plaintiff agrees to SSA's payment

of $ 927.70 and states that it is an amount that "SSA apparently found was owed to Plaintiff." ECF Dkt. #23 at 2. Defendant footnotes this statement and declares that "[t]his was apparently an independent Agency action in which counsel for Defendant was not involved." *Id*.

The undersigned recommends that the Court DENY Plaintiff's request for the $ 927.70 payment that he states he is willing to accept. ECF Dkt. #22. The Court has no support or explanation of this amount and neither party provides explanation or documentation of the amount. The amount that the Appeals Council found that Plaintiff was entitled to was $ 810.90 due to underpayments. Tr. at 8. The record contains no information regarding the amount of $ 927.70.

Moreover, Defendant is correct that this Court has yet to render any determination as to Plaintiff's case. The undersigned is uncertain as to whether Plaintiff's instant filing is his brief on the merits of his case, or whether he is offering a demand with a voluntary dismissal. The undersigned does note, however, that Plaintiff states that he agrees to accept $ 927.90 and the Appeals Council found him entitled to $ 810.90 and therefore the two amounts are not far apart.

Since no information is contained within the briefs or the record regarding an underpayment of the amount of $ 927.70, the undersigned recommends that the Court DENY Plaintiff's request for judgment in that amount. ECF Dkt. #22.

### B. REQUEST FOR COSTS

Plaintiff also requests that Defendant pay him the amount of $2,438.00 pursuant to the EAJA for costs associated with his case. ECF Dkt. #22 at 1. Plaintiff attaches an itemization of the costs, including a description of each cost and a corresponding amount expended. *Id*. at 3.

The EAJA provides that a plaintiff shall be awarded attorney fees when he is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has

-5-

discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

Defendant disputes that Plaintiff is a prevailing party. ECF Dkt. #23 at 3. The undersigned recommends that the Court find Plaintiff is not a prevailing party under the EAJA because no final judgment has been entered in this case by a court of law. Under the EAJA, the term "final judgment" refers to judgments entered by a court of law and does not encompass decisions rendered by an administrative agency." *Melkoyan v. Sullivan*, 501 U.S. 89, 98 (1991). As Defendant points out, he has not even had the opportunity to brief his position on the merits.

### III. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that the Court DENY Plaintiff's request for judgment and request for costs pursuant to the EAJA. ECF Dkt. #22.

Date: August 18, 2011                    */s/George J. Limbert*
                                         GEORGE J. LIMBERT
                                         U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).