UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES AUSTERMILLER, | ) | CASE NO. 3:10CV1697 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Defendant. | ) | |

On October 11, 2011, United States District Court Judge Carr adopted the undersigned's August 18, 2011 Report and Recommendation that the Court deny Plaintiff's "Requust[sic] for Judgment and to Deny Defendents[sic] motion" in which Plaintiff "agrees to the payment of $927.70, the amount owed in benefits by SSA [Social Security Administration]" and in which he requested $2,438.00 in costs incurred for litigating his case. ECF Dkt. #22; ECF Dkt. #24; ECF Dkt. #25.

On December 8, 2011, the undersigned ordered Defendant to file a responsive brief to Plaintiff's revised brief in support of his complaint. ECF Dkt. #26. The undersigned further ordered Plaintiff to file a reply brief if he desired to do so upon receipt of Defendant's responsive brief. *Id*.

On January 30, 2012, Defendant filed his response to Plaintiff's revised brief. ECF Dkt. #10. As of this date, Plaintiff has not filed a reply brief.

In Defendant's response brief, he states that he does not object to Plaintiff's request in his revised brief that he receive an underpayment of $927.70, rather than the underpayment that the SSA had calculated of $810.90.  ECF Dkt. #28 at 1-2.

Based upon Plaintiff's request and Defendant's lack of objection to the request and lack of proof to support a contrary amount, the undersigned recommends that the Court remand the instant matter pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for the award of an underpayment of $927.70 in favor of Plaintiff, rather than the underpayment of $810.90 previously found by the SSA.

While not opposing the underpayment amount advanced by Plaintiff, Defendant does oppose Plaintiff's request for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  Among other reasons, Defendant points out that the request is premature and pro se layperson litigants cannot seek attorney fees for their own time spent pursuing claims.  ECF Dkt. #28 at 5.

The undersigned recommends that the Court DENY Plaintiff's request for EAJA attorney fees and costs.  First, as Defendant points out, no final decision in this case has yet occurred and therefore Plaintiff's motion for EAJA attorney fees and costs is premature.  28 U.S.C. § 2412(d)(1) (B)("party seeking award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court" an application for reimbursement."); and 28 U.S.C. § 2412(d)(2)(G)(defining "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement").  Second, and even if the EAJA motion were not premature, pro se litigants are not entitled to attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(B) (requiring

prevailing party to submit an itemized statement from the attorney appearing in behalf of party stating the actual time expended and the rate at which fees were computed); *see also King v. Comm'r of Soc. Sec.*, No. 06-3365, 230 Fed. App'x 476, 481, 2007 WL 930275 (6th Cir. Mar. 28, 2007), unpublished ("a party cannot request an award of attorney's fees unless he is required to pay those fees to his attorney."); *Sheffield v. Sec'y of Health and Human Servs.*, No. 92-5910, 83 F.2d 1068(Table), 1992 WL 366061, at *1 (6th Cir. Dec. 11, 1992), unpublished ("[a]ttorney's fees for pro se litigants are not authorized under the EAJA.")  (citations omitted).

For these reasons, the undersigned recommends that the Court remand the instant case pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for an award of an underpayment of $927.70.  The undersigned further recommends that the Court DENY Plaintiff's motion for EAJA attorney fees and costs.

Date: February 17, 2012                              */s/George J. Limbert*
                                                     GEORGE J. LIMBERT
                                                     U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).